UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY PALMER
        Plaintiff,                               JURY TRIAL DEMANDED

v.
                                                 CASE NO. 3:14 CV

Cavalry PORTFOLIO SERVICES, LLC
Cavalry SPV I, LLC
        Defendants.

## COMPLAINT

1. Plaintiff brings this action against defendants to obtain relief for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k(d).

3. Venue in this District is appropriate because Defendants' collection demands were received at Plaintiff's Connecticut address and Defendants intentionally aimed the activities at issue toward Connecticut.

## PARTIES

4. Plaintiff Gary Palmer is a natural person to whom Defendants mailed collection letters at his postal address in Greenwich, CT.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendants is the purchase or collection of defaulted debts using the mails and telephone.

7. Defendants engaged in collection efforts and communicated with Plaintiff on or after

one year before the date of the filing of this action, in connection with collection efforts with regard to Plaintiff's account allegedly originating with Bank of America / FIA ending in 3505.

## FACTUAL ALLEGATIONS

8. Defendant Cavalry SPV I, LLC ("SPV I") claims to have purchased Plaintiff's defaulted Bank of America account in or about 2009.

9. SPV I is licensed as a debt buyer in Connecticut by the Connecticut Department of Banking.

10. In and since 2013, Defendant Cavalry Portfolio Services, LLC ("Cavalry") engaged in collection efforts on behalf of SPV I, seeking to collect a balance on Plaintiff's Bank of America account, identifying it as Cavalry account number ending in 5116.

11. Cavalry is licensed as a consumer collection agency by the Connecticut Department of Banking.

12. The alleged debt at issue arose out of credit card transactions which were primarily for personal, family or household purposes.

13. Defendants knew the "Last Payment Made" was 11/02/2006, because that is what they reported to the credit bureau in December 2012.

14. By way of acknowledging receipt of plaintiff's written dispute, on or about October 31, 2013, the Defendants wrote and sent to the Plaintiff by U.S. mail a letter stating, inter alia, "This is an attempt to collect a debt," stating a Charge Off Date of 30-May-2007, a "Principal Due," adding "all Other Charges," and stating the "Balance Due."

15. On the face of the October 31, 2013 letter, the account was beyond the longest possible statute of limitations (six years).

16. On information and belief, letter of October 31, 2013, was defendants' initial communication with plaintiff, but it did not include the notices required by FDCPA §1692g.

17. Defendants knew the Bank of America trade line would be removed from plaintiff's credit report in 11/2013.

18. On December 2, 2013, defendants again sent plaintiff a letter stating the amount of an "Outstanding Balance" and that "This communication is from a debt collector." It also included the statement in bold, "By sending your check, please be aware that you are authorizing" electronic debit.

19. At the time of the December 2, 2013 Letter, the Bank of America account was no longer being reported by the consumer reporting agencies because of its age.

20. Defendants knew or had reason to know that the Bank of America account was not on Plaintiff's credit report.

21. Defendants' letters did not disclose that SPV I could not and would not sue plaintiff because of the age of the debt.

22. Because of the age of the debt, Defendants should have disclosed that Cavalry or SPV I "may not" report or continue to report the account to the credit reporting agencies as unpaid.

23. Defendants intended to motivate consumers who received their collection letters to pay or make payment arrangements by concealing the status of the account as being beyond the statute of limitations.

24. Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

25. Defendants violated the FDCPA, including of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692g, or 1692f, as evidenced by the following conduct:

(a) Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b) Falsely representing the character, amount or legal status of an alleged debt;

(c) Threatening to take action that cannot legally be taken or that is not intended to be taken;

(d) Using any false representation or deceptive means to collect or attempt to collect a debt;

(e) Failing to provide the notices required by §1692g.

26. Defendants' acts as described above were done with the purpose of inducing Plaintiff to pay the debt.

27. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

(c) That the Court grant such other and further relief as may be just and proper,

       Respectfully submitted,


Date: May 23, 2014       **/s/ Joanne S. Faulkner**
              Joanne S. Faulkner ct04137
              faulknerlawoffice@snet.net
              123 Avon Street
              New Haven, CT 06511-2422
              (203) 772-0395